Juanita R. Brooks, SBN 75934
brooks@fr.com
Michael A. Amon, SBN 226221
amon@fr.com
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Phone: 858-678-5070/Fax: 858-678-5099

Douglas E. McCann (*Pro Hac Vice*)
dmccann@fr.com
Fish & Richardson P.C.
222 Delaware Avenue
17th Floor, P.O. Box 1114
Wilmington, DE 19801
Phone: 302-652-5070/Fax: 302-652-0607

*Attorneys for Defendant*
ILLUMINA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SCRIPPS RESEARCH INSTITUTE,<br><br>    Plaintiff,<br>v.<br><br>ILLUMINA, INC.,<br><br>    Defendant. | Case No. 16-cv-661 JLS (BGS)<br><br>**ILLUMINA'S RESPONSE TO THE COURT'S NOTICE OF DISCLOSURE OF CONFLICT [DKT. 93]**<br><br>Judge: Honorable Janis L. Sammartino |

| | |
|---|---|
| 1 | Defendant Illumina, Inc. (Illumina) submits this response to the Clerk of Court's letter of August 5, 2021 (Dkt. No. 93). In that letter, the Clerk of Court informed the parties that Judge Sammartino discovered "**after** disposition of the case" that a family member owned Illumina stock, raising a financial interest that would have required Judge Sammartino's recusal had she discovered it while the case was pending. Dkt. No. 93 at 1 (emphasis added). That letter confirmed that the "financial interest neither affected nor impacted [Judge Sammartino's] decisions in the case" as she was unaware of that interest at the time she presided. *Id.* Because Judge Sammartino was unaware of the financial conflict at the time of her rulings, and her rulings were reviewed *de novo* and affirmed by the United States Court of Appeals for the Federal Circuit, those rulings should stand. |

While Judge Sammartino presided over the case, she issued a claim construction order regarding certain claims of Plaintiff The Scripps Research Institute's (Scripps) asserted patent. Dkt No. 77. As a result of Judge Sammartino's claim construction order, the parties stipulated to non-infringement by Illumina and jointly requested entry of judgment for Illumina, which the Court granted on May 18, 2018. Dkt. No. 81.

As detailed in the Clerk of Court's August 5, 2021 letter, Judge Sammartino did not know of the conflict at the time she made her claim construction rulings in 2018. In such circumstances where recusal is being contemplated retrospectively, the Ninth Circuit has stated that "[i]f a reasonable person would conclude from all the circumstances that the judge did not have knowledge [of the disqualifying conflict] at the time [she] sat, [her] rulings stand." *Davis v. Xerox*, 811 F.2d 1293, 1296 (9th Cir. 1987).

In *Davis,* the presiding judge held a small pecuniary interest in the defendant, but had forgotten about that interest. *Id.* at 1294. Before the pecuniary interest was brought to the judge's attention and before he recused himself, he made some discovery rulings and dismissed one of plaintiff's claims. *Id.* The case was then reassigned to another judge and proceeded to trial. *Id.* On appeal, the plaintiff in *Davis* challenged whether the

first judge's discovery rulings and dismissal should stand. *Id.* The Ninth Circuit held that where the pecuniary interest was small and the judge "made it clear he had in fact forgotten" about that interest, the rulings should stand and need not be vacated. *Id.* at 1297 ("A reasonable observer would draw from these circumstances the conclusion that the judge during 1980–1983 was unaware of his interests and so did not know of them within the meaning of" 28 U.S.C. § 455.).

Here, not only did Judge Sammartino not know about the conflict at the time of her claim construction rulings, Plaintiff Scripps appealed Judge Sammartino's rulings to the United States Court of Appeals for the Federal Circuit. There, a three judge panel reviewed Judge Sammartino's claim construction order *de novo*, and a majority affirmed her decision. *See The Scripps Research Institute v. Illumina, Inc.*, 782 Fed. Appx. 1018, 1019 (Fed. Cir. Aug. 29, 2019) ("Both parties agree that, if the rulings involving the *a* terms are correct, the district court's judgment should stand. Because we agree with the district court regarding the *a* terms, we affirm the judgment without reaching the dispute over the *linker molecule* phrase."); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*, 904 F.3d 965, 971 (Fed. Cir. 2018) (The Federal Circuit "review[s] claim construction de novo, except for subsidiary facts based on extrinsic evidence, which [the Federal Circuit] review[s] for clear error.").

Accordingly, because Judge Sammartino was unaware of the conflict at the time of her rulings, and because her rulings were reviewed *de novo* and affirmed, her rulings should stand and no further action is necessary.

Respectfully submitted,

By: *s/ Michael A. Amon*
Juanita R. Brooks, SBN 75934
brooks@fr.com
Michael A. Amon, SBN 226221
amon@fr.com
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

2
ILLUMINA'S RESPONSE RE NOTICE OF DISCLOSURE
CASE NO. 16-cv-661 JLS (BGS)

| | |
|---|---|
| 1 | Phone: 858-678-5070/Fax: 858-678-5099 |
| 2 | |
| 3 | Douglas E. McCann (*Pro Hac Vice*) |
| | dmccann@fr.com |
| 4 | Fish & Richardson P.C. |
| 5 | 222 Delaware Avenue |
| | 17th Floor, P.O. Box 1114 |
| 6 | Wilmington, DE 19801 |
| 7 | Phone: 302-652-5070/Fax: 302-652-0607 |
| 8 | |
| 9 | Attorneys for Defendant ILLUMINA, INC. |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 12, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*s/ Michael A. Amon*
Michael A. Amon
amon@fr.com